IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

VS.                              CASE NO. 4:12-CR-40020

LEMUEL R. HALL                                                                          DEFENDANT

## ORDER

Before the Court is Defendant Lemuel R. Hall's Motion to Vacate Judgment. (ECF No. 5). On May 23, 2012, Defendant pleaded guilty to two misdemeanor charges for violating 18 U.S.C. § 641 and was sentenced to one year of unsupervised probation. Defendant now seeks to vacate the Judgment against him alleging violations of the Fifth and Sixth Amendments, violations of various procedural requirements, and asserting that the Court ignored an Eighth Circuit Mandate. The government has filed a response, (ECF No. 6), and Defendant has replied. (ECF No. 7). The matter is ripe for the Court's consideration. For the reasons stated below, Defendant's motion must be denied.

## BACKGROUND

This case involves a rather lengthy procedural history that began in 2008 with a different case and different charges against Defendant from those now before the Court.[1] Because these two separate cases are so closely related, the Court has outlined the timeline of events beginning in 2008:

---

[1] *See U.S. v. Hall*, No. 4:08-cr-40004 (W.D. Ark. May 24, 2012) (Order vacating Judgment as to Defendant's 2008 felony charges) (the "2008 Case"). Defendant was originally charged in the 2008 Case with felony theft of public money. The present case involves two misdemeanor charges that arose out of Defendant's same conduct in the 2008 Case after the charges in that case were dismissed. Defendant bases many of his arguments for vacating the Judgment in this case on the events surrounding the 2008 case. Therefore, the Court will detail the circumstances of both cases.

- On January 9, 2008, Defendant was indicted on felony charges of Theft of Public Money. Defendant pleaded not guilty, a jury trial was set for March 17, 2008, and he was released on bond.

- On February 21, 2008, Defendant filed a motion for a psychiatric evaluation. The Court granted the motion and received Defendant's psychiatric report on May 19, 2008. The report found Defendant competent to stand trial.

- On May 30, 2008, Defendant filed a motion to continue, which was granted, and trial was reset for July 21, 2008.

- On June 25, 2008, a five-count superseding indictment was entered against Defendant, and a summons was issued. The summons was returned executed on August 18, 2008.

- On June 30, 2008, Defendant filed a second motion to continue, which was granted, and trial was reset for September 22, 2008.

- On August 11, 2008, Defendant filed his second motion for a psychiatric exam, which was also granted. This second request for a psychiatric exam continued his trial date a third time. On February 3, 2009, the Court received Defendant's second psychiatric report, which found Defendant incompetent to stand trial.

- On February 20, 2009, the Court held a competency hearing and committed Defendant for treatment to a psychiatric facility to determine whether he could attain capacity to proceed to trial.

- On August 13, 2009, the Court received the psychiatric report related to Defendant's psychiatric treatment. The report found him competent to stand trial, and his trial date was reset for August 17, 2009.

- On August 13, 2009, Defendant filed his third motion to continue, which was granted, and trial was reset for October 19, 2009.

- On September 22, 2009, Defendant filed his fourth motion to continue, which was granted, and trial was reset for December 2, 2009.

- On November 30, 2009, Defendant filed his fifth motion to continue, which was granted, and trial was reset for January 22, 2010.

- On January 12, 2010, Defendant pleaded guilty to counts four and five of the June 25, 2008 superseding indictment. Counts one, two, and three were

dismissed on motion by the government. Defendant was sentenced to three years of unsupervised probation.[2]

- On January 12, 2010, the same day of his guilty plea, Defendant appealed his case to the Eighth Circuit arguing that the Court failed to conduct a second competency hearing after he had completed his psychiatric treatment.

- On December 10, 2010, the Eighth Circuit remanded the case back to this Court with instructions to conduct another competency hearing before accepting Defendant's plea and entering Judgment.[3]

- On August 30, 2011, the Court set Defendant's competency hearing for December 1, 2011 in accordance with the Eighth Circuit Mandate.

- On November 28, 2011, Defendant filed his sixth motion to continue, which was granted. Defendant's competency hearing was reset for March 16, 2012.

- On March 5, 2012, Defendant filed his seventh motion to continue, which was granted, and the Court reset his competency hearing again for March 29, 2012.

- On March 21, 2012, the government filed its first, and only, motion to continue. The Court granted the motion, and the competency hearing was reset for May 23, 2012.

- On May 23, 2012, the Court held Defendant's competency hearing. The Court found Defendant competent and capable of understanding the proceedings against him. During that hearing, Defendant withdrew his previous plea of guilty to felony-counts four and five of the superseding indictment. The government then moved to dismiss the superseding indictment, and the January 12, 2010 Judgment was vacated.[4]

- On May 23, 2012, at that same hearing, the government brought a two-count misdemeanor indictment against Defendant for violations of 18 U.S.C. § 641.[5] Defendant pleaded guilty to both counts and received a one-year sentence of unsupervised probation.

---

[2] *Hall*, No. 4:08-cr-40004, (ECF No. 50).

[3] *See Hall*, No. 4:08-cr-40004, (ECF No. 61). The Eighth Circuit's Mandate left it to the Court's discretion as to whether to Defendant should be allowed to withdraw his guilty plea and then have a competency hearing, or whether a retrospective competency hearing was possible.

[4] *See Hall*, No. 4:08-cr-40004, (ECF No. 78).

[5] *See U.S. v. Hall*, No. 4:12-cr-40020 (W.D. Ark. May 25, 2012) (order granting Judgment as to Defendant's misdemeanor charges) (ECF No. 4).

Defendant now asserts that the Judgment following his guilty plea on May 23, 2012 should be vacated on five grounds: (1) for violation of the double jeopardy clause of the Fifth Amendment; (2) for violation of his Sixth Amendment right to a speedy trial; (3) for violation of Rule 4 of the Federal Rules of Criminal Procedure; (4) for not considering all of Defendant's medical history at the May 23, 2012 competency hearing; and (5) for ignoring the Eighth Circuit's Mandate as to his second competency hearing. The Court will address each of these arguments in turn.

## DISCUSSION

### I. Fifth Amendment Right to Double Jeopardy Protection

Defendant first argues that the Judgment in this case, which came after the dismissal of the 2008 Case, should be vacated on double jeopardy grounds. Double jeopardy protection, however, did not attach after the dismissal of the 2008 Case. Therefore, Defendant's argument is unpersuasive.

The guarantee against double jeopardy consists of three separate constitutional protections. *U.S. v. DiFrancesco*, 449 U.S. 117, 129 (1980). "'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *Id.* (quoting *N.C. v. Pearce*, 395 U.S. 711, 717 (1969)).

However, when a defendant, by his own motion, causes the withdrawal of his guilty plea, he has waived his constitutional right not to be put in jeopardy a second time. *U.S. v. Jerry*, 487 F.2s 600, 606 (3rd Cir. 1973) (citing *U.S. v. Tateo*, 377 U.S. 463 (1964)). That waiver is exactly what occurred here. On May 23, 2012, Defendant withdrew his plea of guilty to the felony charges in the 2008 Case and gave up his right not to be put in jeopardy a second time as to those charges.

Therefore, the misdemeanor indictment—even if it had included identical charges to those in the 2008 Case—did not implicate double jeopardy protection. Accordingly, Defendant's motion must be denied on this ground.

## II. Sixth Amendment Right to a Speedy Trial

Defendant also argues that the Judgment should be vacated because "he was held under the same charges…for over 2 years and five months in violation of the Federal 180 day speedy trial act."[6] Unfortunately, Defendant's argument overlooks the numerous time periods that were properly excluded from the speedy trial calculation.

"The Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first and continues until the trial commences." *U.S. v. Williams*, 557 F.3d 943, 948 (8th Cir. 2009). However, the right to a speedy trial is subject to certain exclusions. *See* 18 U.S.C. § 3161(h). Delays that result from mental competency proceedings, pretrial motions, consideration of proposed plea agreements, and delays attributable to any matter concerning the defendant that is under advisement by the court are all excludable for speedy trial purposes. *Id.*

In Defendant's 2008 Case, nearly every delay to his trial was the result of Defendant's own pretrial motions and psychiatric treatment. Defendant made two pretrial motions for psychiatric evaluations and seven motions for continuances during the time that he alleges a speedy trial violation. The time during which these motions were pending and the period of each continuance that Defendant received are excludable for speedy trial purposes. Additionally, the period of months in 2009 when Defendant was treated in a psychiatric facility is also excludable. Based on the Court's careful calculation of the excludable time beginning in 2008, Defendant's right to a speedy trial simply was not violated.

---

[6] *See Hall*, No. 4:12-cr-40020, (ECF No. 5). The Court notes that the speedy trial claims that Defendant refers to in his motion pertain to the events of the 2008 Case, not the present case.

Defendant's argument also fails upon considering the isolated circumstances of the present case. After his 2008 Case was dismissed, Defendant was indicted and pleaded guilty to misdemeanor charges all in the same day, thus, eliminating any speedy trial concern. Accordingly, Defendant's motion must be denied on this ground.

### III.     Rule 4 of the Federal Rules of Criminal Procedure

Defendant next claims that the Judgment should be vacated because his 2008 indictment "was not followed by an arrest" as required by Rule 4 of the Federal Rules of Criminal Procedure. Defendant's reply brief[7] specifically points to the Advisory Committee Notes of Rule 4(b) for the proposition that an "arrest" must follow an indictment. However, neither Rule 4 nor the Advisory Committee Notes mention such a requirement. Rule 4 merely provides the procedure that must be followed to properly issue and execute an arrest warrant or summons. In any event, Defendant's argument also fails because a proper summons was issued and returned executed on August 18, 2008 after his initial indictment. Therefore, Defendant's motion must be denied on this ground.

### IV.     The Medical History Considered at Defendant's Competency Hearing

Defendant contends that his May 23, 2012 competency hearing was flawed because the Court did not consider his entire medical history to determine whether he was competent. Consequently, Defendant argues that his Judgment should be vacated on competency grounds. As the government points out, however, there is no such requirement that Defendant's entire medical history be considered when determining his competency.

The test for incompetence provides, "a defendant may not be put to trial unless he 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding…[and] a rational as well as factual understanding of the proceedings against him.'" *Cooper v. Okla.*, 517 U.S. 348, 354 (1996) (quoting *Dusky v. U.S.*, 362 U.S. 402 (1960)). Here, the

---

[7] *See Hall*, No. 4:12-cr-40020, (ECF No. 7).

6

Court made an express finding—pursuant to this standard—that Defendant was competent at the May 23, 2012 competency hearing. An exhaustive review of Defendant's medical history was not necessary. Therefore, Defendant's motion must be denied on this ground.

### V.     The Eighth Circuit Mandate

Defendant's final argument is that his Judgment should be vacated because the Court ignored the Eighth Circuit Mandate requiring another competency hearing before entering Judgment in the 2008 Case. The Eighth Circuit Mandate stated in its entirety:

> This case is remanded to the district court for purposes of conducting a competency hearing. This Court leaves it to the *discretion of the district court*, in the first instance, to determine whether Mr. Hall should be allowed to withdraw his guilty plea and then have a competency hearing held, or, whether a retrospective competency hearing is possible in the circumstances of this case.[8]

Defendant somehow interprets the Mandate to have required the Court to conduct a retrospective competency hearing dating back to his January 12, 2010 guilty plea. That is simply not the case. The Court followed the Eighth Circuit's Mandate at the May 23, 2012 competency hearing by giving Defendant an opportunity to withdraw his plea, which he chose to do. During that hearing, the Court also found Defendant competent and accepted his guilty plea to the new charges in the misdemeanor indictment. Defendant's motion to vacate therefore fails on this ground.

Accordingly, the Court finds that Defendant's Motion to Vacate Judgment should be and hereby is **DENIED.**

**IT IS SO ORDERED**, this 19th day of October, 2012.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

---

[8] *See Hall*, No. 4:08-cr-40004, (ECF No. 61) (emphasis added).