IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                              Case No. 4:12-cr-40020
                                         4:14-cv-04106

LEMUEL ROBERT HALL                                                                          DEFENDANT

### ORDER

Before the Court is the Report and Recommendation filed August 22, 2014, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas (ECF No. 28) and the Defendant's Motion for Default (ECF No. 31). Judge Bryant recommends that the Defendant's Motion for Post Judgment Relief under 28 U.S.C. § 2255 (ECF No. 26) be denied. He also recommends finding that an appeal would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a). The Defendant ("Hall") filed objections to the Report and Recommendation. (ECF No. 29). The Court finds these matters ripe for its consideration.

Judge Bryant found that no response was necessary to Hall's specific allegations in his Motion for Post Judgment Relief because, at the time of filing his motion, he was no longer "in custody" as required for relief under 28 U.S.C. § 2255. Hall responded that (1) the Report and Recommendation should be stricken because Hall was not given the opportunity to consent to the exercise of jurisdiction by a magistrate judge, (2) Hall has not filed two 28 U.S.C. § 2255 motions, (3) the Report and Recommendation ignored Hall's exhibits which demonstrate his actual innocence, and (4) his ineffective assistance of counsel claim for procedural default should have been decided even if he is not in custody.

First, Judge Bryant had jurisdiction to issue a Report and Recommendation in Hall's case. 28 U.S.C. § 636(b)(1) permits a district court judge to designate a magistrate judge to submit to the court proposed findings of fact and recommendations for the disposition of applications for post-trial relief.

Next, the Court agrees with Judge Bryant that the present motion is Defendant's second Motion to Vacate. Judge Bryant's accurate representation of the procedural history of this case shows no indication of a conflict of interest or bias against Hall.

Further, Judge Bryant did not ignore Defendant's declarations of actual innocence. Instead, Judge Bryant found that relief is not warranted under section 2255 and therefore there was no need to delve into the merits of any actual innocence claims.

Finally, Judge Bryant was correct in ruling that Hall's claims could not be reviewed on a 28 U.S.C. § 2255 collateral attack when he was no longer in custody. The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution of laws of the United States." 28 U.S.C. § 2255. At the time of his motion for relief, Hall was not in custody.

Hall argues in his Motion for Default (ECF No. 31) that his motion for post-judgment relief should be granted because the United States did not respond, "effectively abandon[ing] interest" in the case. However, regardless of the United States' response, Hall was not in custody, and he cannot be afforded relief under 28 U.S.C. § 2255.

Accordingly, the Court adopts the Report and Recommendation *in toto*. Defendant's Motion for Post Judgment Relief under 28 U.S.C. § 2255 (ECF No. 26) is hereby denied. Hall's Motion for Default (ECF No. 31) should also be and hereby is DENIED. Further, the Court finds that, pursuant to 28 U.S.C. § 1915(a), an appeal from this dismissal would not be taken in good faith.

**IT IS SO ORDERED** this 7th day of November, 2014.

/s/ Harry F. Barnes  
Harry F. Barnes  
United States District Judge